<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                              :
KEVIN BROWN,                  :
                              :   Civil Action No. 05-2095(MLC)
              Petitioner,     :
                              :
       v.                     :         O P I N I O N
                              :
LYDELL SHERRER,               :
                              :
              Respondent.     :
_____:
```

**APPEARANCES:**

Kevin Brown, <u>Pro</u> <u>Se</u>, #000965319A
Formerly at Northern State Prison
P.O. Box 2300, Newark, NJ 07114
\*\*Current Address Unknown\*\*

H. John Witman, III, Esq., Deputy Attorney General
Division of Criminal Justice, Appellate Bureau
P.O. Box 086, Trenton, New Jersey 08625
Attorney for Respondent

**COOPER**, District Judge

Petitioner, Kevin Brown, petitioned for a Writ of Habeas

Corpus, pursuant to 28 U.S.C. § 2254.  Respondent has filed an

Answer.  The Petition will be denied.

**<u>BACKGROUND</u>**

1.  <u>Factual Background</u>

The Court will afford the appropriate deference to the state

court's factual determinations.  <u>See</u> 28 U.S.C. § 2254(e)(1).  The

New Jersey Appellate Division has stated:

> The charges against defendant arose from an incident
> that occurred on Fourth Avenue in Asbury Park on August

28, 2000, at approximately 10:20 p.m.  Sergeant Terrance
Fellenz of the Asbury Park Police Department was the
patrol supervisor for the four-to-midnight shift on that
date.  Fellenz responded in his patrol vehicle to assist
an officer who had been dispatched to 304 Fourth Avenue.
When he arrived at that location, Fellenz observed
defendant, sitting astride a bicycle, speaking with two
other men.  Defendant matched the description of the
person described by the dispatcher. Fellenz stopped,
exited his vehicle, and approached the three men.  After
instructing defendant not to move away, defendant let
the bicycle fall to the ground and started walking
toward the entrance to the building at 304 Fourth Avenue.

As defendant walked toward the entrance, he reached
under his sweatshirt, whereupon Fellenz drew his weapon
and ordered defendant to put his hands up.  As defendant
reached two pillars that were located on either side of
the entranceway, he extended his right arm away from his
body, then turned around with his hands up.  After
defendant was secured, a search of his person disclosed
no weapons.  Two other officers who had arrived at the
scene searched the area and found a 9-millimeter semi-
automatic loaded handgun and holster in a grassy dirt
area behind one of the pillars.  Although Fellenz had
not heard anything drop when defendant had extended his
right arm, he believed defendant had possessed the
weapon and discarded it prior to being searched.  Some
fingerprint impressions were on the handgun, but they
lacked sufficient detail for comparison purposes.
Defendant was charged with unlawful possession of the
handgun and possession of a weapon by a convicted felon.

State v. Brown, 362 N.J. Super. 62, 64-65 (App. Div. 2003).

2.   Procedural History

On December 21, 2000, the grand jury returned an indictment

charging Petitioner with third degree unlawful possession of a

weapon, in violation of N.J.S.A. § 2C:39-5b (count one), and

second degree possession of a weapon by a convicted person, in

violation of N.J.S.A. § 2C:39-7b (count two).  The counts were

severed for trial and count one was dismissed.  Defendant was

thereafter tried and convicted on count two.  On September 18, 2001, Petitioner was sentenced to an extended term of ten years in prison with a five-year period of parole ineligibility.

Petitioner filed an appeal, wherein he argued that the dismissal of count one of his indictment was improper as the elements of a possession of a weapon charge should have been bifurcated under previous New Jersey Supreme Court law.  On July 8, 2003, Petitioner's conviction and sentence were reversed and the case was remanded for a new trial.  The state petitioned for certification with the New Jersey Supreme Court, and the same was granted by an order filed on November 18, 2003.

The New Jersey Supreme Court reversed the Appellate Division's order on August 6, 2004, stating that the trial court properly tried the count of possession of a weapon by a convicted person without bifurcation of that offense's elements.  Petitioner then sought certification, and the New Jersey Supreme Court denied Petitioner's request on January 13, 2005.  On April 13, 2005, Petitioner filed this petition pursuant to 28 U.S.C. § 2254.  Petitioner was released on parole on or about September 6, 2005.

## DISCUSSION

1.  <u>Petitioner's Claims</u>

Petitioner asserts the following argument for relief:

THE PETITIONER'S RIGHT TO DUE PROCESS OF LAW AND RIGHT TO FUNDAMENTAL FAIRNESS AS GUARANTEED BY THE 5TH, 6TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION

3

WAS VIOLATED UPON THE TRIAL COURT FAILURE TO BIFURCATE
THE ISSUE OF POSSESSION, WHICH PREJUDICED THE DEFENSE

(Pet. Br., at 17.)

2.   <u>Standards Governing Petitioner's Claims</u>

The district court "shall entertain an application for a writ
of habeas corpus on behalf of a person in custody pursuant to the
judgment of a State court only on the ground that he is in custody
in violation of the Constitution or laws or treaties of the United
States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254, as amended
by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C.
§ 2244 ("AEDPA"), federal courts in habeas corpus cases must give
considerable deference to determinations of the state trial and
appellate courts. <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.
2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996).

Section 2254(d) sets the standard for granting or denying a
writ of habeas corpus. The statute states:

> (d) An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the judgment
> of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary
> > to, or involved an unreasonable application
> > of, clearly established Federal law, as
> > determined by the Supreme Court of the United
> > States; or
> >
> > (2) resulted in a decision that was based on
> > an unreasonable determination of the facts in
> > light of the evidence presented in the State
> > court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Court analyzed § 2254(d)(1) as two clauses:  the "contrary to" clause and "unreasonable application" clause.  The Court held that under the "contrary to" clause, "a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  <u>Id.</u>  A federal court may grant the writ under the "unreasonable application" clause, if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 413. Relief may not be granted under the "unreasonable application" clause unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. <u>Id.</u> at 411; <u>see</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000); <u>Matteo v. Superintendent, SCI Albion</u>, 171 F.3d 877, 891 (3d Cir. 1999).  Thus, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  <u>Werts</u>, 228 F.3d at 197; <u>see</u> <u>Jacobs v. Horn</u>, 395 F.3d 92, 100 (3d Cir. 2005).

With regard to 28 U.S.C. § 2254(d)(2), a federal court must confine the examination to evidence in the record.  <u>See</u> <u>Abu-Jamal</u>

5

v. Horn, 2001 WL 1609690, at *12 (E.D. Pa. Dec. 18, 2001).  Also,
the state court record should be reviewed to assess whether the
state court's factual determinations were reasonable.  Id.  The
federal courts also must apply a "presumption of correctness to
factual determinations made by the state court."  Id.; see 28
U.S.C. § 2254(e)(1).  This presumption of correctness can be
overcome only by clear and convincing evidence.  See Duncan, 256
F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).  "A finding that is
well-supported and subject to the presumption of correctness is
not unreasonable."  Abu-Jamal, 2001 WL 1609690, at *12 (citing
Duncan, 156 F.3d at 198).

Federal courts usually refrain from revisiting credibility
determinations in habeas petitions, as "it would be wholly
inappropriate for a federal court to repastinate soil already
thoroughly plowed and delve into the veracity of the witnesses on
habeas review."  Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001).
A petitioner therefore "must clear a high hurdle before a federal
court will set aside any of the state court's factual findings."
Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

A pro se pleading is held to less stringent standards than
more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429
U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).
A pro se habeas petition and any supporting submissions must be
construed liberally and with a measure of tolerance.  See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

3.    Relief Sought By Petitioner is Moot as no Case or
      Controversy Currently Exists

Petitioner's initial Writ of Habeas Corpus was filed on April 19, 2005.  Respondent filed the answer on August 22, 2005. Petitioner was released from custody on or about September 6, 2005.  See www6.state.nj.us/DOC_Inmate/details?x=1061682&n=12.

Under 28 U.S.C. § 2254, jurisdiction extends to a petitioner in custody under a state-court judgment.  A federal court has jurisdiction under § 2241(c)(3) if: (1) the petitioner is "in custody"; and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  Maleng v. Cook, 490 U.S. 488, 490 (1989) (applicable to § 2254 petitions pursuant to § 2254 Advisory Committee Notes, 1976 Adoption).

This Court has subject matter jurisdiction under § 2254 to consider the petition because Petitioner was in state custody when he filed it.  Spencer v. Kenna, 523 U.S. 1 (1998).  But Petitioner's release on September 6, 2005 caused the petition to become moot, as it no longer presents a "case or controversy" under Article III, § 2, of the Constitution.  Id.

The case-or-controversy requirement applies to all stages of federal judicial proceedings.  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990).  Thus, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual

injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7.

The Spencer court considered whether a petition challenging the revocation of parole became moot when the petitioner's sentence expired.  The Court determined that — as the added incarceration the petitioner incurred due to the allegedly wrongful termination of his parole was over, and the petitioner had not shown that "collateral consequences" of the parole revocation existed — the petition was moot.  See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (petition challenging transfer to maximum security prison moot, as petitioner subsequently sent to minimum security prison); Cruz v. Nash, 2006 WL 469650 (D.N.J. 2006) (holding § 2241 petition challenging decision to revoke parole date was moot, as petitioner no longer threatened with actual injury likely to be redressed by favorable determination).

Similar circumstances exist here.  Petitioner's claims as to the bifurcation of elements of the charge against him became moot on the day he was released from custody.  When the BOP released Petitioner, he no longer faced actual injury, or any reasonable expectation that "the wrong [would] be repeated." Preiser, 422 U.S. at 402.  The petition is therefore moot.

4.  Unexhausted Claims

The Court would dismiss the petition even if Petitioner had not been released from custody, as he has failed to exhaust all

8

claims.  A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1).  See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (stating court considers whether petitioner must present unexhausted claims to state courts before determining petition's merits).

The exhaustion requirement allows state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987).  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid a federal review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (requiring state prisoners, in order to fully exhaust claims, to file petitions for discretionary review when that review is part of ordinary appellate review procedure in state); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts

of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  The exhaustion requirement is satisfied when the federal claims have been fairly presented to the state's highest court.  Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  Thus, the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

An applicant has not exhausted the available remedies if any procedure remains for the applicant to raise the issue presented in the state courts.  28 U.S.C. § 2254(c).  An entire § 2254 petition that includes unexhausted as well as exhausted claims, i.e., a "mixed petition", must be dismissed without prejudice. See Rose, 455 U.S. at 510 (raising the "total exhaustion" rule). However, while district courts have discretion to stay a mixed petition, a stay is more appropriate when an outright dismissal could jeopardize the timeliness of a collateral attack.  Crews v. Horn, 360 F.3d 146, 152 (3d Cir. 2004).

The petition here, on its face, shows that Petitioner failed to exhaust his state court remedies as to his 2001 state court

conviction before seeking federal habeas relief.  Specifically, Petitioner alleges violations of his 8th Amendment rights, as well as non-due-process and non-jury-trial claims under the 5th, 6th and 14th Amendments, but failed to raise these claims in state court.  As the claims were not presented for state court review, the Court would be constrained to dismiss the entire petition for failure to exhaust.  See Rose, 455 U.S. at 510.  Also, there is no indication from the petition that Petitioner's failure to exhaust should be excused, as he has not shown that "state law . . . clearly foreclose[s] state court review of [his] unexhausted claims."  Toulson, 987 F.2d at 987.

As a matter of comity, it would be best left to the New Jersey courts to determine if they can entertain Petitioner's unexhausted claims, if the mootness thereof were to be excused.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision precluding further relief, even if it is not likely that a state court will consider the claims on the merits.  Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  Here, no state court has

concluded that Petitioner is procedurally barred from raising his unexhausted claims.  Therefore, because New Jersey law does not clearly require a finding of default, this Court will not presume that Petitioner's unexhausted claims would necessarily be barred from New Jersey Supreme Court review.

But "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987).  However, discovery and an evidentiary hearing should not be made available to a petitioner who seeks relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186.  "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Petitioner here does not allege that state procedures were in effect unavailable to him.  Thus, Petitioner's petition would nevertheless be dismissed for failure to exhaust all state court remedies absent a finding that they are moot.

5.   <u>Certificate of Appealability</u>

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Jurists of reason would not find the Court's procedural disposition of this matter debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

This petition for habeas relief is moot, as no case or controversy currently exists.  In the alternative, Petitioner has failed to exhaust his available state court remedies or allege facts sufficient to excuse failure to exhaust.  Therefore, the Court will dismiss Petitioner's § 2254 habeas petition.  No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


                 s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

14